■ ASSOCIATED BLIND HOUSING DEVELOPMENT FUND CORPORATION, Respondent, v THEODORE SCHWARTZ, Appellant. — Order, Appellate Term, First Department (Hughes, J. P.; Tierney and Sullivan, JJ.), entered February 4, 1982, affirming the final judgment of the Civil Court of the City of New York, New York County (Sparks, H., J.), awarding possession of the subject premises to the petitioner in a holdover proceeding, modified, on the law and in the exercise of discretion, to the extent that the tenant may apply to the Civil Court for a suspended judgment within 90 days after the date of the order to be entered hereon, on the condition that he removes the dog from the premises or has him certified as a guide dog and, as so modified, affirmed, without costs and disbursements. The lease prohibits pets without the landlord's permission. While the tenant is legally blind, the Appellate Term aptly noted that the landlord's waiver of the pet restriction regarding guide dogs for other blind tenants does not preclude it from objecting to the tenant's dog, which is neither trained nor used as a guide dog. As petitioner is organized under the Private Housing Finance Law and is not regulated by the Public Housing Law, tenant's contention that he cannot be evicted because he is blind is without merit. While affirmance is otherwise warranted, we note that the tenant was given permission by the Civil Court to apply to the court for a suspended judgment on condition that he removes the dog from the premises or has the dog certified as a guide dog within a specified period. We have determined to afford the tenant another such opportunity as above directed. Concur — Sandler, Carro, Lupiano and Milonas, JJ.

Kupferman, J. P., dissents in a memorandum as follows: It is conceded that there are approximately 20 dogs on the premises, albeit guide dogs. Therefore, there is no special need to eliminate dogs from the premises. Accordingly, having a dog cannot be considered a *material* noncompliance with the rental agreement or failure to carry out the obligations of the tenancy. I would reverse the judgment of eviction and dismiss the eviction proceedings.